## Commonwealth ex rel. v. Weills

*Solomon Hurwitz*, for relator.
*Frank R. Hearn*, for defendant.

WOODSIDE, J., December 13, 1948.—This comes before us on a writ of habeas corpus. Petitioner was charged by his wife in the State of Maryland with failure to support her and their minor child. When the warrant could not be served on defendant in Maryland the Governor of that State presented a petition to the Governor of Pennsylvania requesting a warrant of arrest and extradition. This was granted and the

sheriff of this county took petitioner into custody, after which he petitioned this court for a writ of habeas corpus and was released on bail pending disposition of this case.

He contends he is a resident of Pennsylvania and is not a fugitive from Maryland.

Defendant is charged with violating article 27, sec. 89 of the Maryland Code (1939), which provides as follows:

"Any person who shall without just cause desert or wilfully neglect to provide for the support and maintenance of his wife or minor child shall be deemed guilty of a misdemeanor, and upon conviction in any Court of the State having criminal jurisdiction shall be punished by a fine not exceeding One Hundred dollars, or imprisonment in the Maryland House of Correction, or in Jail, for not more than three years, or both, in the discretion of the Court."

The act further provided for the issuance of a support order in favor of the neglected wife or child in the discretion of the court.

Where a husband and wife lived in this county and the wife left her husband here to go to some other State taking with her their child and there made information against her husband for not supporting their minor child, we have refused to allow extradition on the grounds that the father was not a fugitive from justice: Commonwealth ex rel. Glessner v. Parsons et al., 12, June term, 1947.

This court has also held that a Pennsylvania citizen should not be extradited to Virginia on a charge of nonsupport of his child who was in that State: Commonwealth ex rel. Drumm v. Houser, 48 Dauph. 203 (1939).

Contrary to the law and practice in many other States, this and other courts in Pennsylvania will make an order against one of its citizens for support of his wife and children who reside in another State. Orders

of support can thus be obtained by her coming here which can be done at less expense and inconvenience than there would be in having defendant husband extradited to the State to which the wife and children have gone. In fact orders of support were made by this court in both the cases referred to above, as well as in many others: See Commonwealth v. Drumm, 53 Dauph. 34 (1942) and cases there cited.

But in the case before us the evidence shows that petitioner is a resident of the State of Maryland and not the Commonwealth of Pennsylvania, and that he resided in Maryland when he and his wife separated.

Petitioner, his wife and child, lived in Beltsville, Md., from 1940 to 1945, when they moved to this county, where they purchased a dwelling subsequently made into three apartments. They lived in one of these apartments until October 29, 1947, when they moved into a dwelling which they had purchased in Hyattsville, Prince George's County, Md. They took with them their clothing, furniture and personal effects. The apartment in this county which they vacated was rented.

Mrs. Kutz, petitioner's wife, is employed with the United States Department of Agriculture in Washington, D. C. Petitioner has had no recent regular employment. On several occasions he returned to this county and did some work on the apartment house which he and Mrs. Kutz owns here.

The evidence leaves no doubt that he established his residence in Maryland in 1947 and remained a resident of that State from then until after the warrant for his arrest was issued.

At the hearing he said of his Maryland home: "I have not left, I have not left yet; I am only away from there because I'm under arrest. I have never left the place. I had no intention of leaving the place. If I was not under arrest I would still be going back

and contributing to the support and upkeep of that property."

When the district attorney addressing the court said: "He says he is a citizen of the State of Maryland" the petitioner stated, "That's right."

And again when the district attorney asked him, "Now you left the State of Maryland on what date to come up here?" he replied: "As I say, I have never left the State of Maryland."

It is contended that the prosecution in Maryland was not brought by the wife in good faith, and the willingness of defendant to submit forthwith to the jurisdiction of this court and to agree to have an order made by this court for the support of his wife and child on the day when she was present in this court would indicate that there may be some merit in petitioner's contention. But this, even if true, is not grounds to refuse extradition. There is nothing in the case to cause us to suspect that defendant will not be fairly and justly treated in the courts of Maryland.

When a couple who reside in this county separate and the husband continues to live here, he should not be dragged into another State to defend an action of nonsupport. If the wife is entitled to an order she can come here and get it. She cannot choose from any one of the other 47 States and over a period of years drag her husband hither and thither, harass him with costs of extradition, jail sentences and orders made from any spot in the country in which she may choose to settle.

On the other hand where a couple who reside in another State separate there and the husband seeks solace in this county, we will not compel the wife to seek her support order in this county but will permit his return to the State of the wife's residence. Under such circumstances the wife should not be compelled to follow the husband for an order any more than the husband should be compelled to follow the wife under the circumstances enumerated in the previous paragraph.

Although we would make an order against the husband in this county for the support of his wife and child living in another State, she is not compelled and should not be compelled, to accept the jurisdiction of her husband's choosing.

Since in the case before us the husband has fled from the State where they resided, he is a fugitive and should be returned to such State.

Out of his own mouth petitioner has established that he is not a resident of this county, but is in fact a resident of Maryland. He had no intention of leaving that State but is "only away from there because (he) is under arrest." Under these circumstances the writ must be dismissed.

And now, to wit, December 13, 1948, the writ is dismissed.